CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SANDRA F. CAMPBELL, | ) | CASE NO. 7:12CV00233 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DR. YOUNG, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Sandra F. Campbell, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that medical personnel failed to provide her adequate medical care. Upon review of the record, the court finds that the action must be summarily dismissed as time barred under the applicable statute of limitations.

I

Campbell alleges the following sequence of events relevant to her claims. Campbell is an inmate at Fluvanna Correctional Center for Women (FCCW). On February 12, 2010, Campbell underwent a biopsy for cervical cancer, performed by Dr. Young. The doctor cut a main artery during the procedure, but medical staff was able to stop the bleeding that day. Campbell began noticing bleeding again on February 17, 2010, and went back to Dr. Young on February 19, 2010. The doctor did not provide any treatment. Campbell continued to bleed and became weak. On February 21, 2010, Campbell "bled out in pill line at 3:00 a.m." Staff placed her in the infirmary and then transported her to the University of Virginia (UVA) hospital, but she was not provided any treatment at either location.

FCCW staff transported Campbell back to UVA hospital on February 24, 2010, where a doctor "sewed up the artery." Campbell was so weak that she had to use a wheelchair. Two

days later, staff returned Campbell to the hospital, where she thought she would receive blood transfusion, but this did not occur. Campbell was admitted to the infirmary at FCCW until the middle of April 2010. She continued to feel weak during this time and needed a wheelchair to get around.

Campbell signed and dated her § 1983 complaint on May 17, 2012. She sues Dr. Young and Dr. McDonald for medical negligence.

## II

Because no federal statute of limitations applies in § 1983 actions, such actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40 (1989). Virginia's statute for general, personal injury claims, Va. Code Ann. § 8.01-243(a), requires that such claims be brought within two years from the time when the action accrues. A claim under § 1983 accrues when the plaintiff possesses sufficient facts about the harm done to her that reasonable inquiry will reveal her cause of action. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). An inmate's § 1983 action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Lewis v. Richmond City Police Dept., 947 F.2d 733, 735-36 (4th Cir. 1991). In Virginia § 1983 cases, then, if an inmate has not delivered her complaint to prison officials for mailing within the two-year period following the time when she knew or had reason to know of her alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

Campbell's claims, regarding medical care provided to her in February through April 2010, must be summarily dismissed, because they are untimely filed. Campbell did not deliver her § 1983 complaint to prison officials for mailing until May 17, 2012, at the earliest, outside

2

the two-year period following the time when she knew or had reason to know of her alleged injuries related to the February 2010 biopsy. Thus, Campbell is barred by the Virginia statute of limitations from bringing suit.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). As the court has determined that the statute of limitations unquestionably provides an affirmative defense to this civil action, the court will summarily dismiss the complaint as frivolous, pursuant to § 1915A(b)(1). See Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983) (finding under former version of § 1915 that court may summarily dismiss as frivolous a claim clearly barred by applicable statute of limitations or other affirmative defense).

Moreover, Campbell's allegations fail to state any claim actionable under § 1983. A § 1983 plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official is "deliberately indifferent" if he or she "knows of and disregards an excessive risk to inmate health or safety" and responds unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). On the other hand, a claim concerning a mere disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Medical

3

malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Under these principles, Campbell's allegations do not state any claim actionable under § 1983. Campbell does not allege that any of the medical staff at FCCW ignored her medical problems. By her own account, staff performed a biopsy on her and took prompt measures to stop the bleeding that occurred as a result of that procedure. When some bleeding reoccurred, within days, a doctor examined Campbell at FCCW, and when the bleeding continued, staff placed Campbell in the infirmary and then transported her to the hospital for further examination. Less than two weeks after the biopsy, staff arranged for Campbell to have a surgical procedure to correct the problem and then monitored her recovery in the infirmary when she returned to FCCW. At the most, Campbell has stated her disagreement with the timing of the medical evaluations and treatment that staff provided with regard to her bleeding condition. Such mere disagreements between doctor and patient cannot support a finding of deliberate indifference so as to state a constitutional claim regarding medical care. Thus, Campbell's allegations present no actionable § 1983 claim regarding her medical care.

For the reasons stated, the court dismisses Campbell's complaint without prejudice, pursuant to § 1915A(b)(1), as barred by the statute of limitations and, thus, legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of May, 2012.

_____
Chief United States District Judge

4